UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv401-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $279,342.73 IN UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> _____ ) | DEFAULT JUDGMENT OF FORFEITURE |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment of Forfeiture (Doc. No. 12).

**I. BACKGROUND**

The Plaintiff initiated this civil *in rem* action for forfeiture pursuant to 18 U.S.C. §§ 981 and 984 on September 17, 2009. (Doc. No. 1). In support of the complaint, the Plaintiff filed the verification of Special Agent Joshua Zaukas of the U.S. Secret Service. (Doc. No. 1-1). After an investigation regarding a check kiting scheme, a warrant was executed and resulted in the seizure of $279,342.73 from Orange Bank of Florida Account Number XXXXX3073, such account held in the name of American Equipment Leasing, LLC.

Secret Service initiated administrative forfeiture proceedings, and later the United States Attorney began this judicial forfeiture proceeding. Prior to the filing of the Complaint, the Defendant Property had been seized by the Secret Service pursuant to a combined civil and criminal forfeiture seizure warrant issued by this Court in case number 3:09mj103-DCK. On September 28, 2009, the United States sent direct notice, via United States Postal Service Certified Mail, Return Receipt Requested, to the last known address of each of the following individuals who, and entities

that, reasonably appeared to be potential claimants as defined by Federal Rules of Civil Procedure, Supplemental Rules for Admiralty and Maritime Claims and Assets Forfeiture Actions, Rule G(4)(b):

>Charles Lance c/o Christopher Fialko, Esq.;
>Charles Lance c/o Mark Horwitz, Esq.;
>Martha Lance;
>Steven G. Woodell;
>Mary E. Clarke;
>American Truck Leasing, LLC;
>American Equipment Leasing and Finance, Inc., Attention Fraud Department;
>American Equipment Leasing, LLC c/o Christopher Fialko, Esq.;
>Bank of America, Attention: Investigator Douglas Wright; and
>Orange Bank of Florida c/o Matthew G. Brenner, Esq.

The direct notice informed all individuals and entities of this forfeiture action and of the right to submit a verified claim to this Court within thirty-five (35) days after the notice was sent. The certified mail receipts were signed and returned to the United States Attorney's Office. (Doc. No. 10-1). The time period in which individuals to whom direct notice was sent could file claims in this action expired on October 2, 2009.

In addition, as to all persons in the world with potential claims to the Defendant Property, service of process was made by publishing notice of this action via www.forfeiture.gov from October 1, 2009 through October 30, 2009. (Doc. No. 7-1). As reflected in the publication, the time period for filing claims expired on November 30, 2009 – within 60 days of October 1, the first date of publication.

Only Bank of America and Orange Bank of Florida have filed pleadings in this action.[1] Orange Bank filed an answer on October 30, 2009. (Doc. No. 3). Bank of America filed a claim

---

[1] While Christopher Fialko, counsel for American Equipment Leasing, had previously filed a claim during the administrative forfeiture proceeding, he informed the Government on October 6, 2009 that American Equipment Leasing would not file a claim for the Defendant Funds in this action. Confirming this notification, American Equipment Leasing has not filed a claim.

on November 2, 2009 and an answer on November 23, 2009. (Doc. Nos. 6 and 8).

On the Plaintiff's motion, the Clerk of Court entered default in January 2010 as to all persons in the world except for Bank of America and Orange Bank of Florida.

## II. DISCUSSION

No person or entity other than Bank of America and Orange Bank of Florida filed an answer or claim in this action. Although American Equipment Leasing may have filed a claim in the administrative forfeiture proceeding, it did not file a claim or answer in this civil forfeiture action. Rule G(5)(a) & (b) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. The "'filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court under Rule C(6) [and/or Rule G].'" United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars in United States Currency, 183 Fed.Appx. 237, 241 (3d Cir. 2006), *quoting* David B. Smith, Prosecution and Defense of Forfeiture Cases, §9.04[1]; *accord*, United States v. $23,000, 356 F.3d 157, 166 (1st Cir. 2004); United States v. $2,857.00, 754 F.2d 208, 214 (7th Cir. 1984) ("A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief."). As a result, all persons in the world except for Bank of America and Orange Bank of Florida are in default.

The Court therefore finds that the Plaintiff has established that no potential claimant other than Bank of America and Orange Bank of Florida has timely filed a claim or otherwise answered and that default judgment is appropriate.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment of Forfeiture (Doc. No. 12) is hereby **GRANTED** and Default Judgment is hereby **ENTERED** in favor of the United States of America as to all persons in the world except for Bank of America and

Orange Bank of Florida.

**SO ORDERED.**

Signed: April 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge